IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Vernon Lee Mitchell, )
    Plaintiff, )
)
v. ) 1:12cv878 (TSE/JFA)
)
A. Clark, et al., )
    Defendants. )

## MEMORANDUM OPINION

Vernon Lee Mitchell, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Plaintiff has applied to proceed in forma pauperis. By Order dated September 24, 2012, plaintiff was informed of deficiencies in his initial complaint, and he was allowed an opportunity to particularize and amend his allegations within thirty (30) days. Plaintiff also was directed to sign and file a Consent Form and an affidavit concerning his exhaustion of administrative remedies. Plaintiff was advised that failure to comply with any part of the Order would result in dismissal of the complaint pursuant to Fed. R. Civ. P. 41(b). On October 23, 2012, plaintiff moved for an extension of time to comply with the September 24 Order, and asked to be provided with another copy of the "Inmate Trust Fund Statement." Plaintiff's motion for a thirty-day extension of time was granted by Order dated October 25, and an Inmate Account Report Form was forwarded to plaintiff. Plaintiff has now submitted an amended complaint.[1] After careful review, plaintiff's

---

[1] Plaintiff failed to return both the Consent Form and the exhaustion affidavit, as he was instructed to do in the September 24 Order. Ordinarily under such circumstances, the compliant would be dismissed without prejudice on that basis. Here, however, it is possible that plaintiff's request to be provided with an additional copy of the "Inmate Trust Fund Statement" was misinterpreted. Since

1

claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[2]

I.

Plaintiff alleges in the amended complaint[3] that he submitted an emergency grievance on July 3, 2011, stating, "I broke my pinkey finger and I am in a lot of pain." Am. Compl. at 2. That same day, Nurse Cook answered the grievance by instructing plaintiff to "please submitt [sic] a sick call on the boulevard." Id. Plaintiff followed Nurse Cook's directions by filing a sick call slip the following day, July 4, stating: "I need to see the Doctor because I think I broke my pinkey finger or at least this is ligament damage. I am in a lot of pain." Id. Also on July 4, Nurse Clarke made the following notation in plaintiff's medical file:

> Received call from duty officer Pernell concerning offender Mitchell. It [sic] his need to be seen due to a grievance that he submitted on 6/3/11 [sic] for a broken finger. Offender Mitcehll had submitted a grievance on 6/3/11 [sic] and was told to submit a request form. I called for offender @ this time to evaluate him per C/O Mason HU8.

---

the amended complaint fails to state a claim for which relief can be granted in any event, in this case the Court will overlook plaintiff's failure to return the necessary documents.

[2] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

[3]Plaintiff was cautioned in the September 24 Order that the amended complaint would serve as the sole operative complaint in the case. Dkt. 3 at 7.

2

Offender was in visitation.

Am. Compl. at 4. Plaintiff asserts that he was never informed that Nurse Clarke wanted to see him in the medical department, and that had he been told he would have left visitation and reported to the medical department. Id.

Plaintiff alleges that he was not seen by a doctor until July 16, which allegedly was a violation of Department of Corrections O.P. 720.1. At that time, plaintiff was provided with a splint for his finger and Motrin for his pain, and an x-ray was scheduled. The x-ray was taken on August 1, and disclosed that plaintiff had suffered a "possible nondisplaced fracture of the base of the middle phalanx of the fifth finger." Am. Compl. at 3.[4] Plaintiff alleges that he suffered loss of range of motion in his finger as the result of his injury, as well "extreme pain and swelling about the finger." Am. Compl. at 5. The named defendants are Nurses Cook and Clarke, from whom plaintiff seeks an award of damages. Plaintiff also sets out a tort claim against the Commonwealth of Virginia, alleging that the defendants breached their contracts with the Commonwealth by negligently failing to provide him with reasonable medical care for his finger.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed

---

[4]In the initial complaint, plaintiff reported seeing the doctor again on August 23, when Naprosyn was prescribed for his pain, and once more on September 13, when his finger was "still painful to touch and stiff." Compl. at 3.

3

true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Such a claim requires two distinct elements. First, plaintiff must allege a medical need that is sufficiently serious to warrant constitutional protection. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. An assertion of mere

4

negligence or even malpractice is not enough to satisfy this second prong; instead, plaintiff must demonstrate deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). To do so, plaintiff must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

A delay in medical treatment may constitute deliberate indifference. See Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009) (citing Estelle, 429 U.S. at 104-05). A constitutional violation only occurs, however, if the delay results in some "substantial harm" to the patient. Thus, in addition to alleging that the medical need was objectively serious, the plaintiff must also show that the delay in the provision of medical care resulted in an objectively "substantial harm" in order to establish an Eighth Amendment violation. See Webb v. Hamidullah, 281 Fed. App'x. 159, 166 (4th Cir. 2008) (unpublished decision); Shabazz v. Prison Health Servs., No. 3:10cv190, 2011 WL 2489661, at *6 (E.D. Va. Aug. 9, 2011). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." Shabazz, 2011 WL 2489661, at *6; see also, Webb, 281 Fed. App'x at 167 (substantial harm may be evidenced by an "marked increase in hernia[] size, frequent complaints of severe pain, or signs that [] hernia was becoming non-reducible").

### III.

Plaintiff in this case fails to allege facts sufficient to indicate that defendants were deliberately indifferent to his serious medical need. Because plaintiff states that his broken pinky finger caused him to suffer "extreme pain," it is assumed for purposes of this analysis that the

5

injury was sufficiently serious to warrant constitutional protection. However, plaintiff fails to establish that defendants acted with deliberate indifference to that condition. According to his allegations, plaintiff first alerted prison officials to his injury in a grievance filed July 3, 2011, which was answered the same day with instructions to plaintiff to submit a sick call request. Plaintiff did so on July 4, and again on that same day, defendant Nurse Clarke called for plaintiff in order to evaluate his condition but found that he was in visitation. Although plaintiff allegedly was not informed of the nurse's attempt to see him and was not actually seen, the fact that she made the effort to do so belies any inference that she was deliberately indifferent to plaintiff's condition, either through actual intent or reckless disregard. Cf. Estelle, 429 U.S. at 106. At worst, such an apparent miscomunication amounted to negligence, which is not actionable in this § 1983 proceeding. Id. Nor does the ensuing twelve-day delay in plaintiff's evaluation by a prison doctor state a claim for § 1983 relief, because plaintiff fails to satisfy the substantial harm requirement with respect to such a claim. Cf. Smith, 589 F.3d at 739. Therefore, plaintiff's Eighth Amendment claim must be dismissed pursuant to § 1915A for failure to state a claim.[5]

Lastly, because plaintiff's § 1983 claim over which this Court otherwise would have original jurisdiction is subject to dismissal, as discussed above, there is no good cause or sound reason to exercise supplemental or pendent jurisdiction over the tort claim he asserts. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); White v. Amman's, Inc., 1988 WL 1077 at *1 (4th Cir. 1988) ("Because there is no subject matter

---

[5]This Opinion neither addresses nor opines on the merits of any negligence claim plaintiff may have against defendants.

6

jurisdiction, White's additional claims regarding pendent jurisdiction were properly dismissed.")

As it thus is clear from the face of the amended complaint that subject matter jurisdiction over plaintiff's tort claim does not exist, it will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).[6]

IV.

For the foregoing reasons, plaintiff's claim for relief under § 1983 must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. His tort claim must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3). An appropriate Order shall issue.

Entered this 30th day of November 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

[6] In light of plaintiff's pro se status, the Court notes that nothing in this Memorandum Opinion would preclude plaintiff from seeking relief for the harm he asserts in a state tort action, should he desire to do so.